(No. 1535—

THE OHIO CASUALTY INSURANCE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1931.*

*Rehearing denied April 16, 1931.*

DOYLE, SAMPSON & GIFFIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is an Ohio corporation organized to write certain kinds of insurance. On July 21, 1921, it was licensed to do business in Illinois. The laws of Ohio require all foreign companies doing an insurance business in that State to pay a tax of 2½ per cent of the premiums received in the State during the preceding calendar year. The law of Illinois provides that foreign corporations doing an insurance business in this State shall pay the same rate of tax as is imposed by the State where such corporation is organized as Illinois corporations doing an insurance business in that State. The effect of this provision of the Illinois law is to impose upon Ohio insurance companies doing business in Illinois the same tax an Illinois insurance company has to pay for doing business in Ohio. On May 24, 1927, the Ohio law was amended to increase the tax from 2½ per cent to 3 per cent of the premiums received during the preceding year. This change in the law of Ohio automatically changed the law of Illinois in so far as it related to Ohio companies doing business in Illinois. On June 16, 1927, the Superintendent of Insurance of Illinois notified claimant that its tax for the year beginning July 1, 1927, was $5,287.34. On May 5, 1928, the Superintendent of Insurance notified claimant that its tax for the year commencing July 1, 1928, was $7,676.70. Each notice stated that the tax was assessed under the provisions of the Illinois law entitled "An Act in relation to the taxation of non-resident corporations, companies, and associations for the privilege of doing an insurance business in this State, approved June 28, 1919, in force July 1, 1919," and that if there were any objections to the assessment they would be heard by the Department of Trade and Commerce, and also stated that the tax had been computed at 3 per cent of the

gross premiums received in Illinois during the preceding year ending December 31st. The tax for 1927 was paid by claimant on July 8th of that year and the tax for 1928 on June 25th of that year. No objections were made to the taxes and they were voluntarily paid without any protest on the part of claimant. On December 12, 1928, the Supreme Court of Ohio held that the law increasing the rate of tax from 2½ to 3 per cent was not retroactive and that the new rate only applied to premiums received after it went into effect. Thereafter claimant filed this action asking that $1,397.58 of the taxes paid for the years 1927 and 1928 be refunded on the ground that it paid $881.22 more than was legally due for the year 1927 and $516.36 more than was due for 1928.

Claimant contends, in its argument, that these alleged overpayments "were paid under a mistake which was mutual between the claimant and the insurance superintendent." There is no charge in the declaration that the payments were paid by mistake, neither are there any allegations in the declaration from which it can be inferred they were paid by mistake. So far as the declaration discloses the payments were voluntarily made, and if they were they cannot be recovered back for it is fundamental that one who pays a tax voluntarily cannot maintain an action for its recovery. If these taxes were in fact paid by mistake that fact should have been set up in the declaration. It is the duty of a litigant to state his cause of action in his pleading and his proof must correspond to his declaration. Proof without a proper declaration will not sustain a judgment. The declaration in this case is fatally defective and we might well sustain the demurrer and dismiss the suit without further discussion. But as evidence has been taken and the cause argued on the facts and law we will decide the case on its merits.

Claimant contends the alleged excess taxes were paid under the misapprehension of the law of Ohio,—that the Superintendent of Insurance and claimant both made a mistake in construing the amendment of the Ohio statute increasing the rate of tax from 2½ to 3 per cent of the gross premiums received the preceding year, and that such mistake was one of fact and not of law. It may be conceded that a foreign law is a fact to be proven, when its proof is necessary, like any other fact. But that question does not enter into this case. The question here is did claimant make a mistake in the con-

struction of the law of Illinois. The taxes which claimant paid were assessed under and in accordance with the statute of this State, and were paid by claimant because it believed the law of Illinois required it to pay them. The Superintendent of Insurance notified claimant each year the amount of tax that had been assessed against it and the rate at which it had been assessed and stated that objections thereto would be heard if claimant desired to make any objections. Claimant made no objections but paid the tax without protest. It is clear that the payment was voluntary. When claimant paid the taxes it believed the amount paid was legally due under the law of Illinois. If claimant was mistaken as to the amount of tax it owed such mistake was a mistake of law and not of fact. There is no pretension that any fraud, deceit or coercion was used to induce claimant to pay the tax. The law is settled in this State that the payment of a tax will be deemed voluntary where it is paid with full knowledge of the facts and in the belief that it is legal. (*Yates* v. *Royal Ins. Co.*, 200 Ill. 202.) Taxes so paid cannot be recovered, even though they are illegal, in the absence of a statute authorizing such recovery. (*Richardson Lubricating Co.* v. *Kinney*, 337 Ill. 122; *Ill. Merchants Trust Co.* v. *Harvey*, 335 Ill. 284.) As there is no statute in Illinois authorizing a recovery of these taxes claimant is not entitled to have them refunded.

Claimant urges that "as a matter of equity and good conscience" it ought to recover these taxes because "the State has received money to which it was never entitled." Whether or not claimant paid more taxes than were legally due is a question which it is not necessary for us to decide. If the Superintendent of Insurance properly construed the law the taxes he assessed against claimant were all legal. If, however, he assessed a greater sum than was due and claimant voluntarily paid it then the State is entitled to retain it and neither law nor equity will aid claimant to recover it.

In no view of the case is claimant entitled to an award and its claim is denied and the case dismissed.

On April 16, 1931, upon petition for rehearing, the following additional opinion was filed:

While the court did say in the opinion in this case that we might well sustain the demurrer and dismiss the suit we did not do so but decided the case on its merits.

The petition for a rehearing in so far as it applies to the decision of the case is but a re-argument of the questions heretofore argued and decided, and no questions of fact or law are presented that were not before the court and considered by it when the decision was rendered. The petition for a rehearing is denied.